**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

RECEIVED
FEB 03 2023
U.S. District Court
Middle District of TN

| | |
|---|---|
| JACK NUNLEY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | )    CASE # **03-23 0100** |
| | )    HONORABLE _____ |
| DAVID B. RAUSCH, DIRECTOR | ) |
| TENNESSEE BUREAU OF | ) |
| INVESTIGATION, et al. | ) |
| | ) |
| RESPONDENT. | ) |

## COMPLAINT UNDER 42 U.S.C. § 1983
## FOR INJUNCTIVE AND DECLARATORY RELIEF

Comes Now, Plaintiff, Jack Nunley a Tennessee State Prisoner, pro se, and files this civil rights action for injunctive and declaratory relief under 42 U.S.C. § 1983 alleging: Denial of Equal Protection; Denial of the Due Process, Cruel and Unusual Punishment Violation of the Ex Post Facto Clause, in violation of the Fifth, Eighth and Fourteenth Amendment, Section 1 of the United States Constitution and Const. art 1 § 10 cl. 1.

## JURISDICITON AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 in that this civil action is arising under the Constitution of the United States. Furthermore, jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343(a).

2. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred and the central offices and residence for the Defendant is located in Nashville, Tennessee.

1

## PARTIES

3.  Plaintiff Jack Nunley at all times relevant is confined by the Tennessee Department of Correction at Bledsoe County Correctional Complex (BCCX).

4.  Defendant David B. Rausch, Director Tennessee Bureau of Investigations.

## EXHAUSTION OF AVAILABLE REMEDIES

There are not any administrative remedies available prior to filing this complaint.

## FACTUAL STATEMENT

5.  As set forth herein it has become impossible to decipher the dictates of the Sex Offender Registry and its full constitutional violations of: Denial of Equal Protection; Denial of the Due Process, Cruel and Unusual Punishment, Violation of Ex Post Facto, in violation of the Fifth, Eighth and Fourteenth Amendment, Section 1 of the United States Constitution and Const. art 1 § 10 cl. 1.

## COMPLAINT
## ISSSUES AND FACTS IN SUPPORT

6.  Plaintiff, Jack Nunley, was convicted of Aggravated Rape in the criminal Court for Grundy County on August 1, 1979. On November 11, 2012, some thirty two (32) years later, the Tennessee Department of Correction informed the Plaintiff that due to his conviction he was being placed on the Tennessee Sex Offender Registry by the Tennessee Bureau of investigation.

7.  On June 20, 2021, the Plaintiff wrote a letter to Defendant David Rausch, (Official capacity) Director of the Tennessee Bureau of Investigation requesting that Plaintiff's information be removed from the Sex Offender Registry due to the fact that the registry was

2

not enforced by statute at the time Petitioner received his sentence in 1979. (Exhibit 1, enclosed) See, *Doe #1 v. Lee, 518 F.Supp.3d 1157, 1218-19 (M.D. Tenn. 2011)* collective cases (**Retro-application unconstitutional**)

8. In a letter dated May 10, 2022, the T.B.I. responded (official capacity) to the above letter and refused to remove the Plaintiff from the register. (Exhibit 2, enclosed)

9. Petitioner responded in a letter dated May 25, 2022, stating that Director Rausch and the Tennessee Bureau of Investigations agency employees are violating his U.S. Constitutional rights by retroactively applying the sex offender act and it regime against the Plaintiff.

10. Tennessee did not have a sex offender registration law prior to 1994 and Plaintiff was convicted in 1979, some 15 years prior.

11. This act and its regime was unforeseeable to Plaintiff at the time of his conviction and cannot be retro actively applied to him. Even if this Honorable court believes some aspect of the act could be applied, the act in 1994 only required that person convicted of a qualifying offense register with the T.B.I. within ten days of **release** without supervision from probation, parole, or incarceration. It in no way imposed life time supervision and the information provided was confidential not confrontational.

12. The Plaintiff, due to the public registry, has now suffered multiple assaults and will continue to suffer every time another inmate discovers the Plaintiff's information on the sex registry. If this is not cruel and unusual punishment what is?

13. No cognizable harm results from stopping unconstitutional conduct, so it is always in the public interest to prevent violation of a party's constitutional rights. See *Vitolo, 999 F. 3d. at 360 (quoting Déjà vu of Nashville, Inc., 274 F. 3d. at 400)*.

3

14. The government may not 'retroactively increase the punishment for criminal acts." Collins, 497 U.S. at 43. It is well settled that this prohibition covers more than express changes of the particular statutory sentences associated with an offense. See Pough 569 U.S. at 539 (noting that the Supreme Court has never accepted the proposition that a new law must increase the maximum sentence for which a defendant is eligible in order to violate the Ex Post Facto Clause.")

15. Tennessee's operation of a sexual offender registry that includes whose crimes took place prior to the registry's adoption with its additional harms and restrictions is a mechanism of punishment. Tennessee's system resembles the punishment of parole/probation as discussed in Jordan v. Lee, WL 1196980 (M.D. Tenn., 2022) See, also Doe v. Gwyn, WL1136523: "It is clear that Tennessee's Sexual Offender Registry has been challenged successfully and found unconstitutional in several Middle District Court cases over the past two years".

## CAUSE OF ACTION 42 U.S.C. § 1983
## VIOLATION OF THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS

16. Plaintiff hereby re-allege and incorporate each and every allegation set forth above as if fully set forth herein.

17. The Fifth, Eighth and Fourteenth Amendments to the United States Constitution, made applicable to states by the Fourteenth Amendment, guarantees all citizens, including Plaintiff have the right to be free from denial of equal protection, due process, Ex Post Facto Clause protection, and to be free from cruel and unusual punishments.

18. By Defendant Rausch's actions, policies, and practices described herein, Defendant has subjected Plaintiff to substantial risk of serious harm and ultimately death from such actions and inactions. These policies, and practices have been and continue to be implemented by

4

Defendants and their agents, officials, employees, and all persons acting in concert with them under color of state law, in their official capacities, and are the proximate cause of the Plaintiff's ongoing deprivations of rights secured by the United States Constitution under the Fifth, Eighth and Fourteenth Amendments.

19. Defendants have been and are aware of all the deprivations complained of herein, have continued to enforce unconstitutional actions, policies, and practices described herein even after numerous Federal Court opinions have declared such unconstitutional. The Defendant continues to adopt and enforce policies and procedures that institutionalize those deprivations, and have been and are deliberately indifferent to deprivations.

20. Under 42 U.S.C. § 1983, Plaintiff is entitled to a declaration that the Defendants' written statutes, written policies, customs and practices are unconstitutional and an injunction and declaratory order requiring Defendants to stop enforcing these unconstitutional acts adopt policies and practices consistent to protect the Plaintiff's constitutional rights and public interest.

21. Plaintiff has no adequate remedy at law to redress the wrongs suffered and set forth in this complaint. Plaintiff has suffered and will continue to suffer irreparable injury, both in the form of physical and mental harm and deprivation of Constitutional rights, as a result of the unlawful statutes, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he request.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiffs and the Class pray for the following relief:

1.  Appointment of a competent class attorney to represent the Plaintiff;

2.  Declaration that the statutes, policies and practices of Defendant, and their agents, employees, officials, and all persons acting in concert with them, as described herein, are in violation of the rights of Plaintiff under the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution, which prohibits Defendants form inflicting cruel and unusual punishment, due process violations, Ex Post Facto violations, and equal protection violations under color of state law;

3.  Preliminarily and permanently enjoin Defendant, their agents, employees, officials, and all persons acting in concert with them under color of state law, from subjecting Plaintiff to the unconstitutional policies and practices described herein;

4.  Order Defendants and their agents, employees, officials, and all persons acting in concert with them under color of state law, to develop and implement, as soon as practical, a plan to eliminate the substantial risk of serious harm that Plaintiff suffers due to Defendants' violations of his Constitutional rights;

5.  Award Plaintiffs the costs of this suit, and reasonable attorney's fees and litigation expense pursuant to 42 U.S.C. § 1983, and other applicable law;

6.  Issue Injunctive relief order Plaintiff removed from the confrontational Tennessee sex offender registry and relief from its regime of amendments enacted after Plaintiff's date of conviction.

7. Retain jurisdiction of this case until Defendant has fully complied with the orders of this court, and there is a reasonable assurance Defendant will continue to comply in the future absent continuing jurisdiction; and

8. All other relief, legal or equitable, that the court deems just and proper.

Respectfully submitted on this the _30th_ day of _January_, 2023.

Respectfully submitted by:

_Jack Nunley_
Jack Nunley, 81182
BCCX Site 2
1045 Horsehead Rd
Pikeville, TN 37367

## AFFIDAVIT OF VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare that the facts stated within this Action Complaint Under 42 U.S.C. §1983 for Injunctive and Declaratory Relief under the penalty of perjury are true and correct to the best of my knowledge, information and belief.

Signed this the 30th day of January, 2023.

_Jack Nunley_
Jack Nunley

STATE OF TENNESSEE )
                          ) ss
COUNTY OF BLEDSOE )

The above signed individual appeared before me and personally affixed his signature on this the 30th day of January, 2023.

_Carrie Waxler_
Notary Public

My Commission Expires: 2/7/2024

CARRIE ELIZABETH WAXLER
STATE OF TENNESSEE
NOTARY PUBLIC
CUMBERLAND COUNTY
My Commission Expires 02-07-2024

13

Jack Nunley # 00081182
BCCX. site #2
1645 Horsehead Rd.
Pikeville, Tn. 37367

LEGAL MAIL

RECEIVED

FEB 03 2023

U.S. District Court
Middle District of TN

Ms. Lynda M. Hill
Clerk of Court
U.S. District Court
719 Church St. Ste. 1300
U.S. Courthouse
Nashville, Tenn. 37203

LEGAL MAIL



FIRST-CLASS

U.S. POSTAGE
$ 001.080
JAN 31 2023

LEGAL MAIL

BCCX MAILROOM
OUTGOING

JAN 3 : 2023

RECEIVED

LEGAL MAIL

Jack Nunley
TDOC ID 81182
1045 Horsehead Lane
Pikeville, TN 37367
May 25, 2022

Mr. David Raush, Director
Tennessee Bureau of Investigation
Sex Offender Registry Unit
901 R.S. Gass Blvd.
Nashville, TN 37216-2639

RE: TBI/SOR Letter Dated May 10, 2022

Dear Director Raush:

In the above referenced letter I was informed that I was denied removal from the Tennessee Sex Offender Registry due to T.C.A. § 40-39-207 (g)(2)(B). I was convicted on August 1, 1979 many years prior to the enactment of this statute.

Pursuant to the U.S. Constitutional prohibition of Ex Post Facto punishments your are violating my U.S. Constitution, Article 1, §§ 9 rights. At the time of my conviction and sentencing, Tennessee had no sexual offender registry.

Prior to Tennessee Public Laws, Chapter 976 the registry information the registry was considered confidential and was not confrontational. There was no restrictions on where a registrant could live, work, or travel.

The government may not "retroactively increase the punishment for criminal acts." Collins, 497 U.S. at 43. It is well-settled that this prohibition covers more than express changes of the particular statutory sentence associated with an offense. See Pough 569 U.S. at 539 (noting that the Supreme Court has never accepted the proposition that a new law must increase the maximum sentence for which a defendant is eligible in order to violate the Ex Post Facto Clause.")(citing Lindsay v. Washington 301 U.S. 397 (1937). To the contrary, Tennessee's "subtle Ex Post Facto violation" is no more permissible than an overt one. Collins, 497 U.S. at 46.

Tennessee's operation of a sexual offender registry that includes offenders whose crimes took place prior to the registry's adoption with its additional harms and restrictions is a mechanism of punishment. Tennessee's system resembles the punishment of parole/probation as discussed in Jordan v. Lee, Case No. 3:19-cv-00907, 2022 WL 1196980 (M.D. Tenn, 4/21/22).



**TENNESSEE BUREAU OF INVESTIGATION**
901 R. S. Gass Boulevard
Nashville, Tennessee 37216-2639
(615) 744-4000
Facsimile (615) 744-4500
TDD (615) 744-4001



**BILL LEE**
Governor

**DAVID B. RAUSCH**
Director

May 10, 2022

Jack Nunley 00081182
1045 Horsehead Rd.
Pikeville, TN 37367

Re: Request for Termination of Registration Requirements for Jack Nunley

Dear Mr. Nunley,

We received your correspondence, dated July 20, 2021, requesting termination of your registration requirements for the Tennessee Sex Offender Registry ("Registry"). According to the *Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Trafficking Act of 2004* ("Registry Act"), your request must be denied because you are classified as a "violent sexual offender."

Our records indicate that you are required to register in Tennessee as a "violent sexual offender" due to your conviction in Grundy County, Tennessee, on August 1, 1979, for Aggravated Rape (*see* Tenn. Code Ann. §§ 40-39-202(31) and -203). Based on your classification you have a duty to comply with the registration and quarterly monitoring requirements for life; therefore, you are not eligible for removal from the Registry (*see* Tenn. Code Ann. § 40-39-207(g)(2)(B)). Our agency does not have discretion in applying these requirements, and according to the Registry Act, all provisions referenced in this letter are retroactive and are applicable to you.

**Unless your conviction is overturned or you receive exoneration under Tennessee law for your sexual conviction, we will not respond to any further requests for termination; however, you may appeal this decision in the Chancery Court for Davidson County or the Chancery Court where you reside, if in Tennessee.**

For your convenience, a copy of the Tennessee Sex Offender Registry Law, including all requirements related to offenders, can be found at our website (www.TBI.tn.gov) under "Sex Offender Registry." You may call the TN SOR Hotline at 1-888-837-4170 if you have any questions about your termination request.

Sincerely,

TBI SOR Unit

CC: Offender file



INTERNATIONALLY ACCREDITED SINCE 1994



# TENNESSEE BUREAU OF INVESTIGATION

901 R.S. Gass Boulevard
Nashville, Tennessee 37216-2639
(615) 744-4000
Facsimile (615) 744-4500
TDD (615) 744-4001



**BILL LEE**
GOVERNOR

**DAVID B. RAUSCH**
DIRECTOR

June 1, 2022

Jack Nunley
TDOC #81182
1045 Horsehead Lane
Pikeville, TN 37367

Dear Mr. Nunley:

Your letter to Director Rausch has been forwarded to this office for a response. The letter that you received in response to your request for removal from the sex offender registry was a correct statement of the law as applied to your case. You cannot be placed on the non-public registry. Under Tennessee law the only registered offenders who are listed on the non-public registry are those who were adjudicated delinquent of certain violent sexual offenses when they were juveniles.

The ruling from the District Court that you cited and enclosed dealt with motions for summary judgment and addressed issues pertaining to Tennessee's sex offender registry **only as applied to that particular offender**. The Court did not find Tennessee's sex offender registry to be unconstitutional on its face.

For those reasons you are not eligible for removal from Tennessee's registry.

Sincerely,

Legal Advisor
Tennessee Sex Offender Registry

cc: Director Rausch



INTERNATIONALLY ACCREDITED SINCE 1994