IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACK NUNLEY, #81182, | ) ) ) |
| Plaintiff, | ) ) No. 3:23-cv-00100 ) |
| v. | ) ) ) JUDGE RICHARDSON |
| DAVID B. RAUSCH, | ) MAGISTRATE JUDGE NEWBERN ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Jack Nunley, an inmate in the custody of the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against David B. Rausch, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). Plaintiff also filed a Motion to Appoint Counsel. (Doc. No. 2). The case is now before the Court for initial review of the complaint and consideration of the motion.

### I. SCREENING OF THE COMPLAINT

A. PLRA SCREENING STANDARD

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. FACTS ALLEGED IN THE COMPLAINT

According to the complaint, Plaintiff was convicted of aggravated rape in the Criminal Court for Grundy County, Tennessee on August 1, 1979. On November 11, 2022, while Plaintiff was incarcerated at the Bledsoe County Correctional Complex, the Tennessee Department of Correction

(TDOC) informed Plaintiff that, due to his 1979 conviction, he was being placed on the Tennessee Sex Offender Registry[1] ("the registry") by the Tennessee Bureau of Investigation ("TBI").

On June 20, 2021, Plaintiff wrote a letter to Defendant David Rausch, Director of the TBI, requesting the removal of Plaintiff's information from the registry "due to the fact that the registry was not enforced by statute at the time Petitioner received his sentence in 1979." (Doc. No. 1 at 2-3).

By letter dated May 10, 2022, the TBI responded, indicating it would not remove Plaintiff from the registry.

While incarcerated, Plaintiff has suffered multiple assaults "due to the public registry." (*Id*. at 3). Plaintiff believes he will continue to suffer physical violence every time another inmate discovers Plaintiff's information on the registry.

D. ANALYSIS

The complaint names TBI Director David Rausch in his official capacity as the sole Defendant to this action. (*See* Doc. No. 1 at 2). The complaint seeks prospective injunctive relief against Defendant[2] under 42 U.S.C. § 1983. Plaintiff brings several federal constitutional challenges to

---

[1] The Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act ("TSORA"), Tenn. Code Ann. §§ 40-39-201 to -218, requires an individual convicted of a qualifying offense ("Registrant") to register for inclusion in a database maintained by the TBI. *Doe #11 v. Lee*, 609 F. Supp.3d 578, 584 (M.D. Tenn. 2022). Under the TSORA, a Registrant is subject to a number of requirements, including a prohibition from residing or working within 1,000 feet of many common facilities where children are likely to be present. Tenn. Code Ann. § 40-39-211(a). The Registrant must also report in person to a designated law enforcement agency at prescribed intervals, *id*. § 40-39-204(b), (c), including within forty-eight hours of certain triggering events, such as a change of residence or employment, *id*. § 40-39-203(a). The Registrant's status as a sexual offender, along with a laundry list of information about the individual, is made publicly available. *Id*. § 40-39-206(d). A violation of TSORA's requirements is a Class E felony. *Id*. §§ 40-39-208(b), 40-39-211(f).

[2] Applying the "course of proceedings" test, *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003), the Court concludes that the complaint—which does not seek compensatory damages—is directed at Defendant solely in his official capacity. Tennessee's Eleventh Amendment sovereign immunity does not provide a shield from official-capacity claims for prospective injunctive relief, *Ernst v. Rising*, 427 F.3d 351, 358-59 (citing *Ex Parte Young*, 209 U.S. 123, 155-56 (1908)), and the TBI Director is an appropriate defendant to TSORA-based claims for prospective injunctive relief. *See Doe v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-264, 2017 WL 5187117, at *9-10 (M.D. Tenn. Nov. 9, 2017).

TSORA, including a challenge under the Ex Post Facto Clause of the United States Constitution.[3] (Doc. No. 1 at 4).

The Court will start with the ex post facto challenge. The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I § 10, cl. 1. Put simply, this restriction bars "retroactive punishment." *Does v. Snyder*, 834 F.3d 696, 699 (6th Cir. 2016); *United States v. Kruger*, 838 F.3d 786, 790 (6th Cir. 2016). An ex post facto law has two features. First, it must be retroactive— that is, "it must apply to events occurring before its enactment." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). Because the ex post facto prohibition is centrally concerned with fair notice, *see id.*, the relevant date for purposes of determining retroactivity is the date the offense was committed, not (for example) the date of conviction or sentencing. *Doe v. Bredesen*, 507 F.3d 998, 1003 (6th Cir. 2007). Second, to be properly characterized as an ex post

---

[3] Constitutional challenges to statutes are often categorized as either "facial" or "as-applied." A "facial" challenge to a law's constitutionality has been described as "an effort to invalidate the law in each of its applications, to take the law off the books completely [in effect, though not literally]." *Green Party of Tenn. v. Hargett*, 791 F.3d 684, 691 (6th Cir. 2015) (quoting *Speet v. Schuette*, 726 F.3d 867, 871 (6th Cir. 2013)). To prevail on a "facial" challenge, a plaintiff must establish that "no set of circumstances exist under which the statute would be valid." *Id.* (brackets omitted) (quoting *Speet*, 726 F.3d at 872). An "as-applied" challenge, by contrast, "argues that a law is unconstitutional as enforced against the plaintiffs before the court." *Id.* (quoting *Speet*, 726 F.3d at 872); *see also Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 329 (2006) ("It is axiomatic that a 'statute may be invalid as applied to one state of facts and yet valid as applied to another.'") (quoting *Dahnke-Walker Milling Co. v. Bondurant*, 257 U.S. 282, 289 (1921)). "The major significance of the facial/as-applied distinction is that a facial challenge, if successful, will generally result in a much broader remedy and, consequently, requires a greater showing." *Doe #11*, 609 F. Supp.3d 578, 593 (citing *Bucklew v. Precythe*, ––– U.S. –––, 139 S. Ct. 1112, 1127 (2019)). As this Court has explained, however:

> Ex post facto claims are something of an awkward fit within the facial/as-applied dichotomy. In one sense, an ex post facto challenge can never truly be a facial challenge to the law at issue; because only retroactive applications are prohibited, even a punitive statute will never violate the Ex Post Facto Clause as applied prospectively. That is, an ex post facto challenge can never "invalidate the law in each [i.e., all] of its applications," *Green Party of Tenn.*, 791 F.3d at 691, because (by definition) the Ex Post Facto Clause does not reach prospective applications. In another sense, however, ex post facto challenges do resemble facial challenges. That is because the second element of an ex post facto claim— whether the challenged law is punitive—must be determined based on the face of the statute. *Seling v. Young*, 531 U.S. 250, 267 (2001).

*Doe #11*, 609 F. Supp.3d at 594. This Court has therefore recognized that the protections of the Ex Post Facto Clause "do not depend on 'the effect that a challenged law has on a single individual,' but rather the punitive nature of the 'statute on its face.'" *Id.* at 594-95 (quoting *Does #1-9 v Lee*, 574 F. Supp.3d 558, 562 (M.D. Tenn. 2021). "As a result, the application of the Ex Post Facto Clause to a given situation can typically be ascertained simply by identifying the law at issue, placing the law in context, and piecing together the chronology of the law's adoption and the underlying criminal offense— without the need for a deep dive into any individual offender's circumstances." *Id.* at 595-96.

facto law, the must be punitive (as opposed to civil): "'the Constitution's ban on Ex Post Facto laws does not bar all retroactive lawmaking, but only retroactive punishment.'" *Doe #11*, 609 F. Supp.3d 578, 594 (quoting *Does #1-5 v. Snyder*, 834 F.3d 696, 699 (6th. Cir. 2016)).

Here, the complaint alleges that Plaintiff was placed on Tennessee's sex offender registry for a conviction that occurred fifteen years before TSORA became law. The complaint further alleges that TSORA is an ongoing imposition of increased punishment that has affected, and will continue to affect, Plaintiff's quality of life (in particular, by subjecting him to "substantial risk of serious harm and ultimately death" as well as mental harm) (Doc. No. 1 at 4, 5). Finally, the complaint alleges that state officials refuse to remove Plaintiff from the registry. In other words, Plaintiff has alleged that (1) TSORA provisions relevant to Plaintiff are retroactive, and (2) those provisions are being applied to Plaintiff based on Plaintiff's offense conduct that occurred before the law's enactment. Plaintiff has therefore stated a colorable Section 1983 claim under the Ex Post Facto Clause. *See, e.g.*, *Doe #11*, 609 F. Supp.3d 578, 615 (concluding that "Plaintiff is likely to show that [TSORA] is punitive on its face, and thus is likely to prevail in his ex post facto challenge"); *Brown v. Lee*, No. 3:20-cv-00916, 2020 WL 7864252, at *8 (M.D. Tenn. Dec. 30, 2020) (concluding plaintiff "plausibly alleged that his placement on [TSORA registry] violates the Ex Post Facto Clause"); *Haslam*, 2017 WL 5187117, at *13-14 (denying motion to dismiss as applied Ex Post Facto Clause constitutional challenges to TSORA). This claim will proceed.

Next, the complaint alleges that TSORA inflicts cruel and unusual punishment upon Plaintiff in violation of the Eighth Amendment to the United States Constitution. (Doc. No. 1 at 4) ("Tennessee's operation of a sexual offender registry that includes crimes [that] took place prior to the registry's adoption with its additional harms and restrictions is a mechanism of punishment."). The complaint alleges that the application of TSORA to Plaintiff in 2023 punishes him for a crime he committed thirty-two years ago when "[t]his act and its regime was unforeseeable to Plaintiff", and

its retroactive application subjects Plaintiff to punishments such as "lifetime supervision" and violation of his privacy rights that he could not have been anticipated in 1979. (*Id.* at 3). The complaint further alleges TSORA's "resembles the punishment of parole/probation . . . ." (*Id.* at 4).

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "[T]o violate the cruel and unusual punishment prohibition, a sanction must be punishment." *Willman v. Att'y Gen. of U.S.*, 972 F.3d 819, 825 (6th Cir. 2020) (citing *Cutshall v. Sundquist*, 193 F.3d 466, 477 (6th Cir. 1999) (discussing the plausibility of an Eighth Amendment challenge to the federal sex offender registry law)). Based on the Sixth Circuit's requirement of punitive sanctions, district courts have dismissed Eighth Amendment challenges to TSORA based on Sixth Circuit precedent holding that "SORA[4] is a civil, regulatory statute that does not impose criminal punishment." *Brown v. Lee*, No. 3:20-cv-00916, 2020 WL 7864252 (M.D. Tenn. Dec. 30, 2020) (citing *Doe v. Bredesen*, 507 F.3d 998, 1004 (6th Cir. 2007); *Cutshall*, 193 F.3d at 477)); *see also Burns v. Helper*, No. 3:18-CV-01231, 2019 WL 5987707, at *7 (M.D. Tenn. Oct. 24, 2019), *report and recommendation adopted*, No. 3:18-CV-01231, 2019 WL 5964546 (M.D. Tenn. Nov. 13, 2019) (same).

However, as a sister court very recently recognized, "[r]ecent opinions have found . . . that SORA may be characterized as punitive." *Doe v. Lee,* No. 2:21-cv-02156-SHL-atc, 2023 WL 2001051, at *7 (W.D. Tenn. Jan. 25, 2023) *report and recommendation adopted* 2023 WL 1997128 (W.D. Tenn. Feb. 14, 2023) (denying defendants' motion to dismiss plaintiff's Eighth Amendment SORA claim because "[g]iven the posture of the case and the state of the record, it would be premature to make a determination as to whether, as Defendants assert, the 270 days in jail Doe served for violating [TSORA] and the additional time he spent in federal prison because his conviction violated his federal supervised release "do 'not present the same kind of extreme disparity between the

---

[4] Some judges use the acronym "SORA" instead of TSORA. As used herein, both acronyms refer to the same act.

sentence imposed and the crime committed that would offend the Eighth Amendment.'") (citing *Doe v. Lee,* 518 F. Supp. 3d 1157, 1204 (M.D. Tenn. 2021); *Reid v. Lee*, 476 F. Supp. 3d 684, 705 (M.D. Tenn. 2020); *Doe v. Gwyn*, No. 3:17-cv-504, 2018 WL 1957788, at *8 (E.D. Tenn. Apr. 25, 2018); *Does #1-2 v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-00264, 2017 WL 5187117, at *20)).[5] Thus, because TSORA may be deemed punitive (notwithstanding *Bredesen*) and because, liberally construing the pro se complaint, Plaintiff has alleged that TSORA is punitive and his punishments are disproportionate to his crime in violation of the Eighth Amendment, the Court finds that the complaint states a colorable Eighth Amendment cruel and unusual punishment claim under Section 1983. The claim shall proceed, albeit with the caveat that the Court is not necessarily saying at this juncture that TSORA (whether it not it is subject to the Ex Post Facto Clause) subjects Plaintiff (or indeed any registrant) to cruel and unusual punishment.

Next, the complaint alleges that TSORA violates Plaintiff's due process rights. (Doc. No. 1 at 4). The Fourteenth Amendment to the United States Constitution provides, as is relevant here, that the individual states shall not "deprive any person of life, liberty, or property, without due process of

---

[5] As the Report and Recommendation explains in *Doe v. Lee* (and adopted by the district judge):

> Those cases rely on *Doe v. Snyder*, in which the Sixth Circuit, considering a Michigan statute similar to SORA, found that the law was punitive in nature because it "meets the general definition of punishment," its restrictions are "onerous," it "advances all the traditional aims of punishment" without having a clear impact on recidivism (the primary nonpunitive purpose of the law), and "[t]he punitive effects of [its] blanket restrictions . . . far exceed even a generous assessment of their salutary effects." 834 F.3d 696, 703-05 (6th Cir. 2016). The cases also recognize that the binding Sixth Circuit cases deeming SORA nonpunitive are based on prior versions of the Act and thus do not prohibit reconsideration under *Snyder*. *See Reid*, 476 F. Supp. 3d at 706 ("The Sixth Circuit, in *Snyder*, did not overrule its earlier cases, but it did make clear that *Doe v. Bredesen* should not be viewed as mandating a rubber stamp for more restrictive registration regimes."). Based on that conclusion, "this becomes an easy case, at least with regard to the motions to dismiss," as "[v]irtually every observation that the Sixth Circuit made about the Michigan regime could be made about the Act with, at most, minimal tweaking." *Id*.; *see also Lee*, 518 F. Supp. 3d at 1183-1204 (applying the factors considered in *Snyder* in a thorough evaluation of SORA and finding it punitive as applied to the plaintiffs in that case). As such, plaintiffs are "entitled to pursue discovery in an attempt to establish that Tennessee's system is just as faulty as Michigan's." *Reid*, 476 F. Supp. 3d at 706; *see also Haslam*, 2017 WL 5187117, at *20 ("At this stage in the proceedings, the Court simply cannot know the full extent of the Act's effects and therefore cannot reach a conclusion on whether those effects are punitive under the rubrics set forth in *Snyder*.").

2023 WL 2001051, at *6.

law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Courts have found viable due process claims based on TSORA-provided restrictions on a plaintiff's right to *inter alia*, travel, housing, and employment. *See, e.g., Jordan v. Lee*, No. 3:19-cv-00907, 2020 WL 134145, at *3-4 (M.D. Tenn. Jan. 13, 2020) (finding that plaintiff, who was denied employment, a trip upon a cruise ship, and housing because he is on the registry states plausible due process claims under Section 1983).

Here, however, the complaint does not clarify whether Plaintiff alleges a procedural or substantive due process rights violation, or both.[6] Neither does the complaint explain how TSORA violates Plaintiff's due process rights.[7] For example, the complaint does not allege that TSORA limits Plaintiff's ability to work, parent, or travel. The Court therefore finds that the complaint fails to state a colorable due process claim under Section 1983 based on TSORA's application to Plaintiff. However, this dismissal will be without prejudice should Plaintiff wish to amend his complaint to more clearly articulate the alleged violations of his right to due process.

---

[6] The undersigned adheres to the views he expressed decades ago regarding the distinction—which is an important one for a Plaintiff attempting to state a claim upon which relief can be granted-between substantive due process and procedural due process:

> As the undersigned put it decades ago, attempting to articulate concisely the important and at times seemingly nebulous distinction between procedural due process and substantive due process, "a procedural due process violation occurs when the government could deprive a person of a protectable interest under [applicable] criteria [assuming they are constitutionally acceptable], but fails to provide procedures adequate for making a sufficiently accurate determination as to whether the criteria actually apply to that person. A substantive due process violation occurs when the government deprives a person of a protectable interest, but under unconstitutional criteria." Eli J. Richardson, *Eliminating Double-Talk from the Law of Double Jeopardy*, 22 Fla. St. U. L. Rev. 119, 163 (1994). In other words, procedural due process is not a bulwark against the deprivation of liberty or property interests *generally*; it is instead a safeguard against *erroneous* or *unjustified* deprivations of liberty or property interests, *i.e.*, deprivations that are erroneous or unjustified under applicable criteria set by laws that are not constitutionally infirm.

*Memphis A. Phillip Randolph Inst. v. Hargett*, 482 F. Supp. 3d 673, 684 (M.D. Tenn.), *aff'd on other grounds*, 978 F.3d 378 (6th Cir. 2020).

[7] Without belaboring the point, the Court notes that the Due Process Clause is a guarantee against, specifically, "life, liberty or property" without due process of law. U.S. Const. Amend. XIV, sec. 1.

Finally, the complaint alleges that TSORA violates Plaintiff's "right to be free from the denial of equal protection." (Doc. No. 1 at 4). The complaint does not explain, however, how TSORA violates Plaintiff's equal protection rights. In any event, "legislation aimed at monitoring the movement of sex offenders does not infringe upon an individual's right to equal protection of the laws." *Sykes v. Flynn*, No. 3:21-CV-217-TAV-DCP, 2021 WL 2668812, at *3 (E.D. Tenn. June 29, 2021) (finding that plaintiff's placement on TBI's sex offender registry pursuant to state law does was not a violation of plaintiff's equal protection rights) (citing *Cutshall v. Sundquist*, 193 F.3d 466, 482-83 (6th Cir. 1999)). Consequently, the Court finds that the complaint fails to state an equal protection claim under Section 1983 based on Plaintiff's placement on the Tennessee sex offender registry. This claim will be dismissed.

## II. MOTION TO APPOINT COUNSEL

Plaintiff has filed a Motion to Appoint Counsel. (Doc. No. 3). As grounds for his motion, Plaintiff states that he is indigent and therefore unable to retain a private attorney. (*Id*. at 1). However, an indigent plaintiff in a civil action, unlike a defendant in a criminal action, has no constitutional right to the appointment of counsel; rather, the appointment of counsel in such cases is a privilege "justified only in exceptional circumstances." *Miles v. Michigan Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. Aug. 20, 2020) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 606-07 (6th Cir. 1993)). Plaintiff's indigence alone, therefore, is not an exceptional circumstance. Nor, at this time, do the circumstances presented necessitate appointment of counsel; Plaintiff has filed an organized, thirteen-page complaint in which he sets forth the issues in this case in an understandable manner. Thus, the appointment of counsel is not warranted at this time. *See Miles*, 2020 WL 6121438, at *4. Accordingly, the Motion to Appoint Counsel (Doc. No. 3) will denied, but without prejudice to renewal by Plaintiff in the future if he can better explain why exceptional circumstances justify the appointment of counsel. *But see Jordan*,

2020 WL 134145, at *5 (appointing counsel for pro se litigant alleging constitutional challenges to TSORA, finding "[t]his case concerns legal issues of public concern.").

### III. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the complaint states colorable Ex Post Facto and Eighth Amendment claims under Section 1983 against Defendant.

However, the complaint fails to state a colorable due process claim under Section 1983 based on TSORA's application to Plaintiff. However, this dismissal will be without prejudice should Plaintiff wish to amend his complaint to more clearly articulate the alleged violations of his right to due process.

Further, the complaint fails to state an equal protection claim under Section 1983 based on Plaintiff's placement on the Tennessee sex offender registry.

Finally, Plaintiff's Motion to Appoint Counsel (Doc. No. 3) will be denied without prejudice.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE