RECEIVED
AUG 28 2023
U.S. District Court
Middle District of TN

RECEIVED
AUG 28 2023
U.S. District Court
Middle District of TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JACK NUNLEY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE # **3:23-CV-00100** |
| | ) HONORABLE <u>ELI RICHARDSON</u> |
| DAVID B. RAUSCH, DIRECTOR | ) |
| TENNESSEE BUREAU OF | ) |
| INVESTIGATION, et al. | ) |
| | ) |
| RESPONDENT. | ) |

## **OBJECTION TO DEFENDANTS' MOTION TO ADMINISTRATIVELY STAY CASE PENDING RULING OF SIXTH CIRCUIT**

Comes Now, Plaintiff, Jack Nunley, a Tennessee State Prisoner, pro se, and filed a civil rights action for injunctive and declaratory relief under 42 U.S.C. § 1983 alleging: Denial of Equal Protection; Denial of the Due Process, Cruel and Unusual Punishment Violation of the Ex Post Facto Clause, in violation of the Fifth, Eighth and Fourteenth Amendment, Section 1 of the United States Constitution and Const. art 1 § 10 cl. 1.

The Defendant, David B. Raush, through counsel, submitted an answer to the complaint (Doc 11) filed July 11, 2023. The Plaintiff, pro se, submitted a response to Defendant's Answer (Doc 14). The Defendant never responded. The court issued a scheduling order (Doc 15), detailing discovery dates, and other proceedings, prior to trial.

The Defendant now moves this Honorable court to stay the proceedings because he believes a pending appeal will directly impact this litigation.[1] The Defendant further submitted his

---
[1] See Document 16, page 1 of 2 pageID #82.

memorandum in support (Doc. 16). Within his memorandum[2] he outlines three factors the court must weigh and presents the argument that those three factors weigh heavily in favor of staying this case. In support thereof, Defendant states, Plaintiff Nunley is currently incarcerated and is not able to benefit from relief, nor would public suffer harm from entry of a stay.

The Plaintiff presents the following in opposition to Defendant's claim:

1. Fist, the Plaintiff is appalled by the fact that the Defendant believes someone who is incarcerated is less likely to suffer prejudice from a constitutional violation than others. Since when is prejudice against a prisoner a factor the court should considered concerning the violation of a constitutional right? Constitutional violations are not to be determined by whether one is a prisoner or not. If so 1983 actions would not apply to prisoners at all.

2. Second, Public interest is served by preventing the violation of constitutional rights.

3. Even more the Sixth Circuit has suggested that "if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated."[3]

4. The Defendant has already admitted the Plaintiff sent a letter in 2021 seeking removal from the registry.

5. The Defendant **admits** he responded.

6. The Defendant admits Plaintiff responded.

7. The Defendant admits:

   "Plaintiff, Jack Nunley, was convicted of Aggravated Rape in the criminal Court for Grundy County on August 1, 1979."

8. Defendant, at 10, even admits that Tennessee did not have a sex offender registry prior to 1994.

---

[2] See Document 16 page 3 of 7 PageID #86.
[3] Bonnell v. Lorenzo, 241 F.3d 800, 809 (6th Cir. 2001).

2

9. Bound by *Snyder*,[4] the current Act, as applied to Plaintiff, likely violates the Ex Post Facto Clause.

Much has already been written on the topic and the lack of any disagreement is telling. As long as *Snyder* stands, Tennessee's sex offender registration regime will suffer the same fate as Michigan's regime, as applied to Plaintiff. This issue has been addressed so clearly and so many times that the court must assume that all the attorneys and government officials involved understand that basic jurisprudential lay of the land. Accordingly the Plaintiff has demonstrated a likelihood of success and this Honorable Court must not stay the proceedings but GRANT Plaintiffs injunctive relief.

This act and its regime were unforeseeable to Plaintiff at the time of his conviction and cannot be retro-actively applied to him. Even if this Honorable court believes some aspect of the act could be applied, the act in 1994 only required that person convicted of a qualifying offense register with the T.B.I. within ten days of **release** without supervision from probation, parole, or incarceration. It in no way imposed life time supervision and the information provided was confidential not confrontational.

The Plaintiff, due to the public registry, has now suffered multiple assaults and will continue to suffer every time another inmate discovers the Plaintiff's information on the sex registry. If this is not cruel and unusual punishment what is?

"Tennessee's operation of a sexual offender registry that includes, Plaintiff, whose crimes took place prior to the registry's adoption with its additional harms and restrictions is a mechanism of punishment. Tennessee's system resembles the punishment of parole/probation as discussed in Jordan v. Lee, WL 1196980 (M.D. Tenn., 2022) See, also Doe v. Gwyn, WL1136523: "It is clear

---

[4] Does #1-5 v. Snyder, 834 F.3d 696 (6th Cir.2016)

that Tennessee's Sexual Offender Registry has been challenged successfully and found unconstitutional in several Middle District Court cases over the past two years"."

By Defendant Rausch's actions, policies, and practices described herein, Defendant has subjected Plaintiff to substantial risk of serious harm and ultimately death from such actions and inactions. These policies and practices have been and continue to be implemented by Defendants and their agents, officials, employees, and all persons acting in concert with them under color of state law, in their official capacities, and are the proximate cause of the Plaintiff's ongoing deprivations of rights secured by the United States Constitution under the Fifth, Eighth and Fourteenth Amendments.

Defendants have been and are aware of all the deprivations complained of herein, have continued to enforce unconstitutional actions, policies, and practices described herein even after numerous Federal Court opinions have declared such unconstitutional. The Defendant continues to adopt and enforce policies and procedures that institutionalize those deprivations, and have been and are deliberately indifferent to deprivations.

The numerous decisions rendered by law suits alleging identical circumstances and constitutional violations, not only in this court but other courts, supports the Plaintiff's claim.

> Under 42 U.S.C. § 1983, Plaintiff is entitled to a declaration that the Defendants' written statutes, written policies, customs and practices are unconstitutional and an injunction and declaratory order requiring Defendants to stop enforcing these unconstitutional acts adopt policies and practices consistent to protect the Plaintiff's constitutional rights and public interest.
>
> Plaintiff has no adequate remedy at law to redress the wrongs suffered and set forth in this complaint. Plaintiff has suffered and will continue to suffer irreparable injury, both in the form of physical and mental harm and deprivation of Constitutional rights, as a result of the unlawful statutes, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he request.

4

## CONCLUSION

The government may not 'retroactively increase the punishment for criminal acts." *Collins*, 497 U.S. at 43. It is well settled that this prohibition covers more than express changes of the particular statutory sentences associated with an offense. See *Pough* 569 U.S. at 539 (noting that the Supreme Court has never accepted the proposition that a new law must increase the maximum sentence for which a defendant is eligible in order to violate the Ex Post Facto Clause.")

Tennessee's operation of a sexual offender registry that includes whose crimes took place prior to the registry's adoption with its additional harms and restrictions is a mechanism of punishment. Tennessee's system resembles the punishment of parole/probation as discussed in *Jordan v. Lee*, WL 1196980 (M.D. Tenn., 2022) See, also *Doe v. Gwyn*, WL1136523: "It is clear that Tennessee's Sexual Offender Registry has been challenged successfully and found unconstitutional in several Middle District Court cases over the past two years".

No cognizable harm results from stopping unconstitutional conduct, so it is always in the public interest to prevent violation of a party's constitutional rights. See, *Vitolo,* 999 F. 3d. at 360 (quoting Déjà vu of Nashville, Inc., 274 F. 3d. at 400).

The Plaintiff further submits that the United States Constitution GURATANTEES constitutional protection. The Plaintiff sent two letters to the Defendant informing him that he was violating the Plaintiff's Constitutional rights and demanded that he remove Plaintiff from the Tennessee Sexual Offender Registry. Even more, the Plaintiff informed the Defendant that he would pursue this matter further.

The Defendant knew he was in violation of the Plaintiff's constitutional rights and yet he forced the Plaintiff to **pay the filing fees and legal fees,** associated with such filing, to obtain the

5

GUARANTEE that is supposed to be provided by the constitution without monetary cost. Then, the Defendant presented a frivolous response to the court as if Plaintiffs' constitutional violation claims were mere words.

Respectfully submitted on this the 22nd day of August, 2023.

Respectfully submitted by:

*Jack Nunley* (signature)
Jack Nunley, #81182
BCCX Site 2 – Unit 6
1045 Horsehead Rd
Pikeville, TN 37367

## DECLARATION OF VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare that the facts stated within this Response to Defendant's Answer, under the penalty of perjury, are true and correct to the best of my knowledge, information and belief.

Signed this the 22nd day of August, 2023.

*Jack Nunley* (signature)
Jack Nunley

## PROOF OF SERVICE

I hereby certify that a true and exact copy of the foregoing Response to Defendant's Answer has been sent by first Class, U.S. Mail, postage prepaid to:


David Wickenheiser
Cody Brandon
Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202-0207


On this the 22nd day of August, 2023

*Jack Nunley* (signature)
Jack Nunley #81182
BCCX Site 2 – Unit 6
1045 Horsehead Rd
Pikeville, TN 37367

Jack Nunley 81182
B.C.C.X, Site #2
1045 Horsehead Rd.
Pikeville, TN. 37367

RECEIVED
AUG 28 2023
U.S. District Court
Middle District of TN

Ms. Lynda M. Hill
Clerk of Court
US District Court
719 Church St. Ste, 1300
US Courthouse
Nash TN. 37203

THE DEPARTMENT OF CORRECTIONS,
BCCX HAS NEITHER INSPECTED,
NOR CENSORED AND IS NOT
RESPONSIBLE FOR THE CONTENTS.

RECEIVED
AUG 22 2023
BCCX MAILROOM
OUTGOING