IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JACK NUNLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-cv-00100 |
| | ) | |
| DAVID B. RAUSCH, Director of the | ) | Judge Richardson |
| Tennessee Bureau of Investigation, in his | ) | Magistrate Judge Newbern |
| official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO CONTINUE TO ADMINISTRATIVELY STAY CASE
## PENDING MANDATE IN SIXTH CIRCUIT APPEAL

Defendant respectfully moves the Court to suspend all deadlines and administratively stay this case until 30 days after the Sixth Circuit issues its mandate in an appeal that directly impacts this litigation. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Plaintiff challenges the constitutionality of the Tennessee Sexual and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("the Act"), Tenn. Code Ann. §§ 40-39-201 to -218. (D.E. 1; 34.)

On May 15, 2024, the Sixth Circuit released its opinion in *Does 1-9 v. Lee*, No. 23-5248. The Sixth Circuit has resolved at least three issues that have a direct impact on this and other cases that have been filed in the district courts of Tennessee.

1

First, the Sixth Circuit held that in a suit challenging the constitutionality of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act and its subsequent amendments, "no Article III case or controversy exists against Governor Lee." Slip Op. at 7. Neither the Governor's general "take care" power nor his power to remove officials from their posts are sufficient "to confer standing." Slip Op. at 6-7.

Second, the Sixth Circuit reaffirmed that "any provisions of Tennessee's Act analogous to those discussed in *Smith, Bredesen, and Cutshall* pass constitutional muster." Slip Op. at 11-12. Because these requirements "'are not of a type that we have traditionally considered as a punishment,' . . . a registry kept by the state and disclosed publicly is constitutionally sound." Slip Op. at 12 (quoting *Doe v. Bredesen*, 507 F.3d 998, 1005 (6th Cir. 2007)).

Third, the Sixth Circuit held that "Director Rausch cannot be enjoined from enforcing provisions of the Act which he does not enforce." Slip Op. at 15. The Court held Director Rausch's responsibilities to "design[] and issu[e] forms, . . . creat[e] and maintain[] the registry database, . . . disseminat[e] information to prosecutors and law enforcement, . . . and manag[e] the repository of original registry forms . . . fall squarely within the legitimate regulatory scheme which Tennessee is constitutionally allowed to provide and maintain." Slip Op. at 14-15.

Given the direct impact of the Sixth Circuit's opinion on Plaintiff's claims in this case, the parties should engage in discussion about resolution of this case. To facilitate those discussions, Defendant requests that this Court stay this case until 30 days after the Sixth Circuit issues its mandate in *Does 1-9*. At or before that point, Defendant will notify the Court of a resolution or will file a status report outlining their proposal for resuming litigation, including a request for a scheduling conference. A proposed order to that effect will be filed with the Court using the ECF/PACER system.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *David Wickenheiser*
DAVID WICKENHEISER (BPR 40427)
Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-7277
Fax: (615) 532-4892
David.Wickenheiser@ag.tn.gov
*Counsel for Defendants Lee and Rausch*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed and served by operation of the Court's ECF/PACER system and was served via U.S. mail on this the 14th day of June 2024, upon:

Jack Nunley
#81182
1045 Horsehead Lane
Pikeville, TN 37367
*Pro se*

*s/David Wickenheiser*
DAVID WICKENHEISER